UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN SALMEN,<br>CDCR # BK-5881,<br><br>                                    Plaintiff,<br><br>v.<br><br>CALIFORNIA DEP'T OF CORRECTIONS AND REHABILITATION; S. ROBERTS; M. GLYNN; DR. J. HODGES; A. KENDALL; DR. CHAU; H. FRANKLIN; S. ANDERSON; A. SHITTU; S. GATES,<br><br>                                    Defendants. | Case No.: 3:20-cv-2088-GPC-KSC<br><br>**ORDER:**<br><br>**1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a) (ECF No. 2);**<br><br>**2) DENYING MOTION TO APPOINT COUNSEL (ECF No. 3); AND**<br><br>**3) DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** |

Justin Salmen ("Plaintiff"), incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California filed a pro se civil rights Complaint pursuant to 42 U.S.C. Section 1983. (*See* ECF No. 1, Compl.) Plaintiff claims that Defendants violated his Eighth Amendment rights by failing to provide adequate medical care and

denying his grievance and subsequent appeals.  (*See id.* at 5-6.)

Plaintiff did not pay the fee required by 28 U.S.C. § 1914(a) when he filed his Complaint, instead filing a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  (*See* ECF No. 2.)  In addition, Plaintiff has filed a Motion to Appoint Counsel.  (*See* ECF No. 3.)

I.      **Plaintiff's Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. Section 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Oct. 1, 2019)).  The additional $50 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. Section 1915(a)(2) and S.D. Cal. Civ. L.R. 3.2. *Andrews*, 398 F.3d at 1119.  The Court has reviewed Plaintiff's trust account activity, as well as the attached prison certificate verifying his available balances.  (*See* ECF No. 5, at 1-3.)  These documents show that he carried an average monthly balance of $1.49 and had $1.45 in average monthly deposits to his trust account for the six months preceding the filing of this action, and that Plaintiff had an available balance of just $0.30 at the time of filing.  (*See id.*)

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2), and declines to impose the initial partial filing fee pursuant to 28 U.S.C. Section 1915(b)(1), because his prison certificate indicates he may currently have "no means to pay it."  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. Section 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").  Instead, the Court directs the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or her designee, to collect the entire $350 balance of the filing fees required by 28 U.S.C. Section 1914 and to forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. Section 1915(b)(1).

## II. Motion to Appoint Counsel

Plaintiff also seeks the appointment of counsel because he is unable to afford a lawyer and claims his imprisonment will limit his ability to litigate. (*See* ECF No. 3, Pl.'s Mot. at 1.)

However, there is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Servs.,* 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). And while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion may be exercised only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires the Court "to consider whether there is a 'likelihood of success on the merits' and whether 'the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved.'" *Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015) (*quoting Palmer*, 560 F.3d at 970).

As currently pleaded, Plaintiff's Complaint demonstrates neither the likelihood of success nor the legal complexity required to support the appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1). *See Terrell*, 935 F.3d at 1017; *Palmer*, 560 F.3d at 970. First, while Plaintiff may not be formally trained in law, his allegations, as liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), show he nevertheless is fully capable of legibly articulating the facts and circumstances relevant to his claims which are not legally "complex." *Agyeman*, 390 F.3d at 1103. Second, for the reasons discussed more fully below, Plaintiff's Complaint requires sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, and it is simply too soon to tell whether he will be likely to succeed on the merits of any potential constitutional claim against any of the named Defendants. *Id.*

Therefore, the Court finds no "exceptional circumstances" currently exist and DENIES Plaintiff's Motion to Appoint Counsel (ECF No. 3) without prejudice on that basis. *See, e.g., Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (affirming denial of counsel where prisoner could articulate his claims in light of the complexity of the issues involved, and did not show likelihood of succeed on the merits).

## II.  Initial Screening pursuant to 28 U.S.C. Sections 1915(e)(2) and 1915A

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. Sections 1915(e)(2) and 1915A(b).  Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. Section 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. Section 1915A(b)).  "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'"  *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under [Section] 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to Section 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").  Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.  While the court "ha[s] an obligation where the petitioner is pro se,

particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

B. <u>Factual Allegations</u>

Plaintiff claims he "arrived to the California Department of Corrections and Rehabilitation with pains in [his] neck, spine, and shoulder" on October 15, 2019. (Compl. at 5.) Plaintiff alleges that his "injuries were partially addressed to unsatisfactory levels." (*Id.*) Plaintiff "began requesting adequate pain medication, appropriate housing and treatment by specialists" for his medical conditions. (*Id.*) Plaintiff claims he submitted "numerous medical requests and health care grievances, accommodation requests and verbal requests to get [his] basic necessities and medical care." (*Id.*)

Plaintiff fell down stairs "crushing [his] injured shoulder and smacking [his] face against the metal steps." (*Id.*) Plaintiff claims he sustained cuts on his face and was knocked unconscious. (*See id.*) Plaintiff was "admitted as a trauma patient" to the UCSD emergency medical services on October 17, 1020 and "luckily suffered no broken bones or severe life-threatening injuries." (*Id.*)

Plaintiff alleges that prison officials "blame delays" in obtaining medical treatment on the coronavirus. (*Id.* at 5-6.) While at UCSD, Plaintiff was "provided appropriate pain medication." (*Id.* at 6.) However, since his return to RJD he has been forced to climb stairs, denied adequate pain medication, and claims staff does not bring him his HIV medication. (*Id.*)

Plaintiff seeks injunctive relief in the form of "appropriate pain medication" and assignment to "lower tier housing." (*Id.* at 9.) Plaintiff also seeks compensatory and punitive damages against all named Defendants. (*See id.*)

### C. Individual Causation

As an initial matter, the Court finds that Plaintiff has failed to state a claim against any of the named Defendants as to his Eighth Amendment inadequate medical care claims. Specifically, Plaintiff's Complaint fails to contain any factual allegations against Defendants whom he claims violated his constitutional rights and contains no "further factual enhancement" which describes how, or to what extent, these individuals became aware of, or were actually aware of, any alleged constitutional violation. "Because vicarious liability is inapplicable to . . . §1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim).

"Causation is, of course, a required element of a § 1983 claim." *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)). There are no factual allegations directly linking Defendants to any of his claims regarding alleged constitutional violations.[2]

Plaintiff's Complaint sets forth no facts which might be liberally construed to support any individualized constitutional claim against Defendants. Therefore, the Court finds sua sponte dismissal of his Complaint is required pursuant to 28 U.S.C.

---

[2] The only allegation attributed to a specific Defendant is Plaintiff's claim that Hodges intercepted his request for interview to speak with the Health Care Captain Supervisor. (Compl. at 8). However, even if this were considered a sufficiently detailed factual allegation linking Hodges to Plaintiff's due process claim, as explained below, this allegation fails to state a claim against Hodges.

§ 1915(e)(2) and § 1915A(b). *See Lopez*, 203 F.3d at 1126–27; *Wilhelm*, 680 F.3d at 1121.

### D. California Department of Corrections and Rehabilitation

Second, to the extent Plaintiff wishes to impose liability on state departments or agencies like the CDCR, it is immune from suit under the Eleventh Amendment. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); § 1915A(b)(2); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that prisoner's Eighth Amendment claims against CDCR for damages and injunctive relief were barred by Eleventh Amendment immunity); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (Eleventh Amendment immunity extends to state agencies); *see also Cooksey v. California Corr. Health Care Servs.*, No. 2:16-CV-1282-JAM-EFB P, 2017 WL 1495164, at *3 (E.D. Cal. Apr. 26, 2017) (dismissing claims alleged against Defendant CDCR sua sponte pursuant to 28 U.S.C. § 1915A as barred by the Eleventh Amendment).

For these reasons, the Court dismisses Defendant CDCR as a party to this action sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b); *Lopez*, 203 F.3d at 1126-27; *Wilhelm*, 680 F.3d at 1121.

### E. Eighth Amendment inadequate health care claims

In addition, Plaintiff has also failed to state a claim based on a denial of medical care. In order to allege a violation of the Eighth Amendment for inadequate medical care, Plaintiff must satisfy both an objective and a subjective standard. *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014). Only "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation and internal quotation marks omitted). "A determination of 'deliberate indifference' involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin v.*

*Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

Plaintiff must plead the existence of an objectively serious medical need. *McGuckin*, 974 F.2d at 1059-60 ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.")  Here, Plaintiff refers to unspecified medical needs and makes general allegations regarding the lack of adequate medication or appropriate treatment for existing injuries, and fails to offer any specific allegations that identify a serious medical need.[3] It is clear, for the following reasons, the Complaint fails to include any further "factual content" to show that any Defendant acted with "deliberate indifference to [his] serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006), quoting *Gamble*, 429 U.S. at 104.  Plaintiff must provide more specific factual allegations regarding the nature of his medical needs.

The Complaint lacks any specific allegations that the Defendants acted with deliberate indifference to his plight by "knowing of and disregarding an excessive risk to his health and safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557.

For these reasons, the Court dismisses Plaintiff's Eighth Amendment claims sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b); *Lopez*, 203 F.3d at 1126-27; *Wilhelm*, 680 F.3d at 1121.

\ \ \

\ \ \

---

[3] Plaintiff does claim that he has been denied HIV medication, *see* Compl. at 6, but it is not clear if HIV is the serious medical need that forms the basis of his Eighth Amendment inadequate medical care claims.

F. <u>Grievance claims</u>

Plaintiff seeks to hold Defendants Roberts, Glynn, Hodges, Kendall, Franklin, Anderson, Shittu, and Gates liable for reviewing, processing, and denying his grievance and appeals. (See Compl. at 6-7.) However, a prison official's allegedly improper processing of an inmate's grievances or appeals, without more, cannot serve as a basis for Section 1983 liability. *See generally Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." (citation omitted)); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (due process not violated simply because defendant fails properly to process grievances submitted for consideration); *see also Todd v. Cal. Dep't of Corrs. & Rehab.*, 615 F. App'x 415, 415 (9th Cir. 2015) (district court properly dismissed claim based on improper "processing and handling of [. . .] prison grievances," since prisoners have no "constitutional entitlement to a specific prison grievance procedure." (citing *Ramirez*, 334 F.3d at 860) (quotation marks omitted)); *Shallowhorn v. Molina*, 572 F. App'x 545, 547 (9th Cir. 2014) (district court properly dismissed section 1983 claims against defendants who "were only involved in the appeals process" (citing *Ramirez*, 334 F.3d at 860)); *Wright v. Shapirshteyn*, No. CV 1-06-0927-MHM, 2009 WL 361951, at *3 (E.D. Cal. Feb. 12, 2009) ("[W]here a defendant's only involvement in the allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior for the purposes of [Section] 1983." (citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999))).

For these reasons, Plaintiff's claims against Defendants Roberts, Glynn, Hodges, Kendall, Franklin, Anderson, Shittu, and Gates are dismissed sua sponte for failure to state a plausible claim upon which Section 1983 relief may be granted. *See Iqbal*, 556 U.S. at 680-84; *Valdivia v. Tampkins*, No. EDCV 16-1975 JFW (JC), 2016 WL 7378887, at *6 (C.D. Cal. Dec. 19, 2016) (dismissing sua sponte claims predicated upon the

allegedly improper processing of inmate grievances); *see also* 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

      G.     Leave to Amend

Because Plaintiff is proceeding pro se, however, the Court having now provided him with "notice of the deficiencies in his complaint," will also grant him an opportunity to fix them. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). However, the Court cautions Plaintiff that if he chooses to file an Amended Complaint, he must clearly identify, by name, each individual person he seeks to hold liable for violating his Eighth Amendment rights. He must also be careful to allege facts showing the basis for liability for each individual Defendant. He must also name each Defendant and link them to his claims by explaining what each person did or failed to do that caused him constitutional injury. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, t[o] show that [the Defendant] was personally involved in the deprivation of his civil rights.").

## III. Conclusion and Order

For the reasons discussed, the Court:

1)     **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2);

2)     **DIRECTS** the Secretary of the CDCR, or her designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. Section 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

3)      **DIRECTS** the Clerk of the Court to serve a copy of this Order on Kathleen Allison, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001;

4)      **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 3);

5)      **DISMISSES** Plaintiff's Complaint in its entirety for failing to state a claim upon which relief may be granted and for seeking monetary damages against immune defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1);

6)      **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within 45 days, the Court will enter a final Order dismissing this civil action based both on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

7)      The Clerk of Court is directed to mail Plaintiff a court approved civil rights form complaint for his use in amending.

\ \ \

\ \ \

**IT IS SO ORDERED**.

Dated:  November 2, 2020

Hon. Gonzalo P. Curiel
United States District Judge