UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN SALMEN, CDCR #BK-5881,<br><br>                              Plaintiff,<br><br>v.<br><br>CALIFORNIA DEP'T OF CORRECTIONS AND REHABILITATION; S. ROBERTS; M. GLYNN; J. HODGES; A. KENDALL; DR. CHAU; H. FRANKLIN; S. ANDERSON; A. SHITTU; S. GATES,<br><br>                              Defendants. | Case No.:  3:20-cv-02088-GPC-KSC<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>**[Doc. No. 11]** |

Plaintiff Justin Salmen ("plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to Title 42, United State Code, Section 1983, alleging defendants violated his rights under the United States Constitution.  *See* Doc. No. 7.  Before the Court is plaintiff's Motion for Appointment of Counsel (the "Motion").  Doc. No. 11. For the reasons that follow, plaintiff's Motion is DENIED WITHOUT PREJUDICE.

## I.  BACKGROUND

On October 22, 2020, plaintiff filed this action, asserting his constitutional rights to due process and freedom from cruel and unusual punishment had been violated.  Doc.

/ /

1

No. 1 at 6-8.[1]  Also on October 22, 2020, plaintiff requested leave to proceed *in forma pauperis* and moved to have counsel appointed.  Doc. Nos. 2, 3.

On November 2, 2020, the District Court, having conducted the *sua sponte* screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b), dismissed plaintiff's complaint for failure to state a claim.[2]  *See* Doc. No. 6.  Plaintiff was afforded leave to amend his complaint to correct the deficiencies identified in the District Court's order.  *Id.* at 11.  The District Court also granted plaintiff's motion to proceed *in forma pauperis* but denied his motion for the appointment of counsel without prejudice, explicitly finding there were "no 'exceptional circumstances'" warranting the appointment of counsel at that time.  *Id.* at 5.

On November 9, 2020, plaintiff filed a First Amended Complaint (the "FAC").  Doc. No. 7.  As before, District Court conducted a *sua sponte* screening of plaintiff's FAC pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Doc. No. 8, at 2-3.  By order dated November 23, 2020, the District Court dismissed plaintiff's First Amendment claims and his claims against defendant Hodges for supervisory liability, but found that plaintiff's claims against defendant Chau ("defendant") were sufficient to clear the "low threshold" for screening.[3]  *See id.* at 4.  The District Court directed plaintiff to complete a U.S. Marshal Form 285 so that service could be effected upon defendant.  *Id.* at 8.  Plaintiff was further ordered that he must serve upon defendant or his counsel "a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b)."  *Id.* at 9.

On December 10, 2020, plaintiff filed the Motion presently before the Court.  Doc. No. 11.

/ /

---

[1] All page references are to the ECF-generated page numbers.

[2] The District Court also found that defendant California Department of Corrections and Rehabilitation was immune from suit and accordingly dismissed the claims against it.  *See* Doc. No. 6 at 8.

[3] The District Court found plaintiff had waived his claims against the remaining defendants.  *See* Doc. No. 8 at 2.

## II. DISCUSSION

"There is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp*., 32 F.3d 1360, 1363 (9th Cir. 1994). However, District Courts have discretion to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989). "That a *pro se* litigant may be better served with the assistance of counsel is not the test." *Okler v. MCC IMU* Prison, No. 3:18-cv-05458-RJB-TLF, 2019 WL 461143, at *1 (W.D. Wash. Feb. 5, 2019). Instead, the Court "must determine whether a) there is a likelihood of success on the merits; and b) the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved." *Cano v. Taylor*, 739 F.3d 1214, 1219 (9th Cir. 2014). "None of these factors is dispositive; rather they must be considered cumulatively." *Id.*

### A. Likelihood of Success

Plaintiff does not identify, nor does the Court's independent review of the record reveal, any facts to support a finding that he may succeed on the merits of his Eighth Amendment claim. Although that claim survived the District Court's initial screening, as the District Court stated, that is a "low threshold." Doc. No. 8 at 4. The District Court's determination that plaintiff may be able to state a claim against defendant "by no means demonstrates that [he] is likely to win." *Ortega v. CSP-SAC Prison Officials*, No. 2:08–00588 SOM, 2010 WL 2598228, at *1 (D. Hawai'i June 7, 2010). The Court finds this factor weighs against appointing counsel to represent plaintiff in this matter.

### B. Plaintiff's Ability to Pursue His Claims

The Court is also not persuaded that plaintiff lacks the ability to pursue his claims in light of the complexity of the legal issues presented. Plaintiff seeks redress for defendant's alleged deliberate indifference to his medical needs, a "relatively straightforward" conditions-of-confinement claim. *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015). Despite his asserted "mental illness" (Mot. at 1), plaintiff has consistently demonstrated the ability to advocate on his own behalf. For example, when his initial

complaint was dismissed, plaintiff was able to file the FAC, which survived (in part) the District Court's screening. Plaintiff has also filed two motions for the appointment of counsel, and a motion for leave to proceed *in forma pauperis*. These filings demonstrate to the Court that plaintiff understands basic litigation procedure and can effectively articulate his claims.

Plaintiff also complains that he is "in a cell," "can[']t afford a lawyer" and will have difficulty "present[ing] any facts" without the assistance of counsel. Mot. at 1, 2. These facts were also before the District Court on plaintiff's first motion to appoint counsel (*see* Doc. No. 6 at 4) and the Court finds no reason to depart from the District Court's ruling that they did not create exceptional circumstances. Regardless, these hardships are shared by all incarcerated litigants lacking legal expertise, and do not "indicate exceptional factors." *See Wood v. Housewright*, 900 F.2d 1332, 1335–1336 (9th Cir. 1990). "Even if it is assumed that [p]laintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional." *Williams v. Lozano*, No. 1:15-cv-01250-BAM (PC), 2018 WL 558765, at *1 (E.D. Cal. Jan. 25, 2018). Moreover, while the Court is sympathetic to the fact that plaintiff's access to the law library may be limited under current conditions, as plaintiff's exhibit shows, this difficulty is also shared by many incarcerated litigants. *See* Mot. at 4 (indicating "[i]ncreasing restrictive measures" due to COVID-19). If plaintiff is unable access the law library or otherwise requires additional time to meet the Court's deadlines, he may make such a request to the Court. The Court will grant reasonable requests for additional time for good cause shown.

Finally, plaintiff states he is unable to meet the Court's "demands" regarding service of the FAC and other motions or pleadings, citing his lack of funds and supplies. Mot. at 2. However, because plaintiff is proceeding *in forma pauperis*, he will receive assistance serving his pleadings and other papers, as is set forth in the District Court's November 23, 2020 Order and the IFP Package plaintiff has received. *See* Doc. No. 8 at 8. The Court

/ /

finds plaintiff's lack of access to mailing supplies and postage does not constitute an exceptional circumstance.

**C. Conclusion**

For the reasons set forth above, the Court finds plaintiff has not met his burden to establish exceptional circumstances warranting the appointment of counsel to represent plaintiff in this matter at taxpayer expense.  Plaintiff may renew his request if his situation changes such that he can make the necessary showing that he is both likely to succeed on the merits of his claims, and unable to competently articulate those claims.  *Cano*, 739 F.3d at 1219.

**ORDER**

Plaintiff's Motion for Appointment of Counsel (Doc. No. 11) is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Dated:  December 18, 2020

Hon. Karen S. Crawford
United States Magistrate Judge