UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN SALMEN, CDCR #BK-5881,<br><br>                Plaintiff,<br><br>v.<br><br>CALIFORNIA DEP'T OF CORRECTIONS AND REHABILITATION; S. ROBERTS; M. GLYNN; J. HODGES; A. KENDALL; DR. CHAU; H. FRANKLIN; S. ANDERSON; A. SHITTU; S. GATES,<br><br>                Defendants. | Case No.: 3:20-cv-02088-GPC-KSC<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION OF COURT'S DECEMBER 18, 2020 ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>**[Doc. No. 14]** |

Plaintiff Justin Salmen ("plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983, alleging defendants violated his rights under the United States Constitution. *See* Doc. No. 7. Before the Court is a document titled "Motion for Appointment of Counsel" (the "Motion") in which plaintiff reiterates his request to have counsel appointed and objects to the Court's December 14, 2020 Notice of Document Discrepancy. Doc. No. 14; *see also* Doc. No. 10. The Court will construe plaintiff's Motion as a motion for reconsideration of the Court's December 18, 2020 Order denying his motion to have counsel appointed (the "December 18 Order"). Doc. No. 12. For the following reasons, plaintiff's Motion is DENIED.

## I. BACKGROUND

On October 22, 2020, plaintiff filed this action, asserting defendants had violated his constitutional rights to due process and freedom from cruel and unusual punishment. Doc. No. 1 at 6-8. Plaintiff moved concurrently to have counsel appointed to represent him in this matter. Doc. No. 3. On November 2, 2020, the District Court denied plaintiff's first motion for the appointment of counsel, finding there were "no 'exceptional circumstances'" to justify appointing counsel at that time. Doc. No. 6 at 5.

On December 10, 2020, plaintiff renewed his request to have counsel appointed. Doc. No. 11. Plaintiff's renewed motion lacked supporting documentation, including a memorandum of points and authorities as required by the Local Rules, but the Court nevertheless accepted it for filing and it was deemed filed on the date it was received in the Clerk's office (the "Discrepancy Notice"). *See* Doc. No. 10. On December 18, 2020, the Court issued an order denying plaintiff's motion. Doc. No. 12. As the District Court had done earlier, the Court found that plaintiff had not met his burden to establish exceptional circumstances warranting the appointment of counsel to represent plaintiff in this matter at taxpayer expense. *Id.* at 5.

On December 28, 2020, plaintiff filed the Motion presently before the Court. Doc. No. 14. Plaintiff requests that the Court appoint counsel to represent him or, alternatively, "close the case." *Id.* at 3.

## II. DISCUSSION

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters.*, *Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). "'[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Marlyn Nutraceuticals*, *Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted) (alteration in original). Simply repeating the arguments already considered by the Court fails to satisfy the moving party's burden

to show that reconsideration is warranted. *See U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

In his Motion, plaintiff states that he is not "trained or experienced" as a lawyer and is currently unable to access the law library to familiarize himself with the Court's rules. Mot. at 1-2. Plaintiff states his inability to comply with the Local Rules, as demonstrated by the Discrepancy Notice, is "even more reason to provide some type of legal assistance." *Id.* at 2. Plaintiff also reports that he has recently tested positive for the coronavirus and that his "poor condition" prevents him from being able to "prove [his] case." *Id.* Plaintiff asserts he is "in need of counsel" based on these facts. *Id.* at 3.

That plaintiff is a layperson who is currently incarcerated with limited access to the law library are not "new or different facts and circumstances" that would necessitate the Court's reconsideration of its December 18 Order.[1] *See* CivLR 7.1(i)(1) (stating that the party seeking relief must present "new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application"). "[I]t is not appropriate for a party to request reconsideration merely to force the court to think about an issue again in the hope that it will come out the other way the second time." *Wallace v. Olson*, No. 3:16-CV-1917-AJB-NLS, 2017 WL 1346825, at *2 (S.D. Cal. Apr. 12, 2017), *aff'd,* 715 F. App'x 797 (9th Cir. 2018) (citation omitted). Consequently, the Court will not reconsider its December 18 Order based on facts it has already addressed. *See* December 18 Order at 3-5; *see also* Doc. No. 6 at 4 (District Court's order denying request for counsel).

Further, even if the Court were to revisit its December 18 Order, it would not change its ruling. As the Court has explained, "there is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994). The

---

[1] The Court is aware that inmates' access to the law library is limited due to pandemic-related restrictive measures, and reiterates that it will consider all reasonable requests by plaintiff for additional time to prepare filings or to meet the Court's deadlines.

Court may exercise its discretion to appoint counsel only where there is a showing of "exceptional circumstances," taking into consideration **both** the complexity of the legal issues involved **and** the likelihood plaintiff will succeed on the merits. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (courts may appoint counsel only in "exceptional circumstances"). As this Court and the District Court have observed, plaintiff's lack of legal training and the challenging logistics of managing his case while incarcerated are shared by many inmate-litigants, and do not create "exceptional circumstances" necessitating the appointment of counsel.

Plaintiff also submits proof that he tested positive for the coronavirus on December 15, 2020. Mot. at 5-6. While that fact is new, the Court finds it does not materially change the analysis as to whether to appoint counsel. It is an unfortunate fact that exposure to and illness from coronavirus are difficulties faced by many inmates, and do not create "exceptional circumstances" here. Significantly, despite his asserted illness, plaintiff was able to file the instant Motion and continues to demonstrate that he is capable of effectively articulating his claims and communicating with the Court in this action. Nor does plaintiff's diagnosis increase – or impact in any way – the likelihood that he will succeed on the merits of his claim. Thus, the Court finds that reconsideration of its December 18 Order based on plaintiff's diagnosis alone is not warranted.

The Court is also not persuaded by plaintiff's argument that the Discrepancy Notice proves that he is unable to competently represent himself. Mot. at 2. Notably, similar discrepancy notices were issued for plaintiff's complaint, motion to proceed *in forma pauperis*, and first motion to appoint counsel, as well as for the instant Motion. *See* Doc. Nos. 4, 13. All those documents were accepted for filing notwithstanding plaintiff's failure to comply with the Local Rules. *Id.* That is because, contrary to plaintiff's assertion that the Court is holding him to an unreasonably "high standard" (Mot. at 2), as a *pro se* litigant plaintiff's filings are "liberally construed" and "held to less stringent standards" than documents drafted by lawyers. *Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2008). Plaintiff's complaint that he has been "penalized" for not abiding by the Local Rules (Mot.

at 2) is simply not supported by the record, which demonstrates that the Court has routinely accepted, considered, and ruled upon his filings in the case.[2]

Finally, the Court addresses plaintiff's request that it "dismiss [his] case and tell [him] who to appeal to" if counsel is not appointed. Mot. at 3. While the Court has and will continue to liberally construe plaintiff's filings, it must stop short of giving plaintiff legal advice. *See Jacobsen v. Filler*, 790 F.2d 1362, 1365-66 (9th Cir. 1986) (noting that for the court to give legal advice to a *pro se* litigant would be contrary to the court's role as a "referee" in the adversary process). The Court is unwilling to "act as counsel or paralegal" to plaintiff, *Pliler v. Ford*, 542 U.S. 225, 231 (2004) and declines to tell plaintiff "how to move forward." *See* Mot. at 3.

### III.   CONCLUSION

For the reasons previously articulated by this Court and the District Court, plaintiff does not meet the standard for the appointment of counsel. Plaintiff offers no new facts or evidence, nor can he point to any change in the controlling law, that would warrant reversal of the Court's determination that "exceptional circumstances" do not exist which necessitate the appointment of counsel in this case. Plaintiff has failed to demonstrate, in this Motion or in any prior one, that he is likely to succeed on the merits of his claim. The Court notes that plaintiff's filings to date demonstrate that despite his *pro se* status, he is able to effectively advocate for himself. In short, plaintiff has failed to demonstrate exceptional circumstances and the Court's prior rulings will stand. *See Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989) (affirming denial of motion to appoint counsel where plaintiff had not shown exceptional circumstances). Accordingly, plaintiff's request for counsel is DENIED.

/ /

---

[2] Plaintiff, misapprehending the Discrepancy Notice, asserts that the Court is making "threats" and "going to charge [him] with a crime for not knowing how to litigate." *Id.* While plaintiff is expected to comply with the Court's rules and orders, the Court assures plaintiff that he has not been charged with a crime for filing documents with the Court.

## ORDER

For the reasons set forth above, plaintiff's Motion for reconsideration of the Court's December 18 Order denying his request for counsel is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 12, 2021

Hon. Karen S. Crawford
United States Magistrate Judge