UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN SALMEN, CDCR #BK-5881,<br><br>   Plaintiff,<br><br>v.<br><br>CALIFORNIA DEP'T OF CORRECTIONS AND REHABILITATION; S. ROBERTS; M. GLYNN; J. HODGES; A. KENDALL; DR. CHAU; H. FRANKLIN; S. ANDERSON; A. SHITTU; S. GATES,<br><br>   Defendants. | Case No.: 3:20-cv-02088-GPC-KSC<br><br>**ORDER REGARDING CORRESPONDENCE FROM PLAINTIFF**<br><br>**[Doc. No. 18]** |

Plaintiff Justin Salmen ("plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983, alleging defendants violated his rights under the United States Constitution. *See* Doc. No. 7. The Court is in receipt of correspondence from plaintiff dated January 21, 2021 (the "Letter"). Doc. No. 18. This District's Local Rules prohibit litigants from "writing letters to the judge, or otherwise communicating with the judge unless opposing counsel is present." CivLR 83.9.

Nevertheless, because plaintiff asks in the Letter for the Court's "consideration on counsel," the Court has accepted the Letter for filing and will construe it as a renewed Motion for Reconsideration of the Court's December 18, 2020 Order in which the Court

denied plaintiff's request to have counsel appointed to represent him in this matter. *See* Doc. No. 12; *see also* Doc. No. 15 (January 12, 2021 Order denying plaintiff's first Motion for Reconsideration). Plaintiff's Motion for Reconsideration is **DENIED**.

As the Court has explained, "there is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994). The Court will appoint counsel only where plaintiff demonstrates that he is likely to succeed on the merits of his claims, ***and*** that he is unable to articulate those claims because of their complexity. *Cano v. Taylor*, 739 F.3d 1214, 1219 (9th Cir. 2014). For the reasons already explained by this Court and the District Court, Plaintiff has not done so. *See* Doc. Nos. 6, 12, 15. Plaintiff's Letter fails to raise any new facts or circumstances warranting a reversal of the Court's decision. *See* CivLR 7.1(i)(1) (a party seeking reconsideration must present "new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application").

The remainder of plaintiff's Letter does not require a response from the Court. Plaintiff is cautioned, however, that threats against the Court, the parties, counsel, or any other person will not be tolerated, and will be reported to law enforcement as appropriate. Notwithstanding his *pro se* status, plaintiff is expected to conduct himself civilly and to comply with the District's Code of Conduct which "ensure[s] that all who work within [the Court] and come before it treat each other with decency, dignity and respect." Civ.LR 2.1; *see also* Chambers' Rules and Civil Pretrial Procedures for the Honorable Karen S. Crawford, § I. (stating the undersigned's expectation that litigants and their counsel will treat each other, and be treated by the Court, with respect and professionalism). By filing suit, plaintiff submitted himself to the Court's authority, and he must therefore abide by the Court's rules. *See S.E.C. v. Ross*, 504 F.3d 1130, 1149 (9th Cir. 2007) (noting that "filing an original complaint" establishes plaintiff's consent to the Court's jurisdiction).

Plaintiff is also advised that, consistent with this District's Local Rules and this Court's Chambers' Rules, the Court will not accept any further *ex parte* correspondence from him. If plaintiff requires action or relief from the Court, he must present those issues

in the form of a motion to the Court and not as informal correspondence. *See* Civ.LR 83.9 ("All matters to be called to the judge's attention should be formally submitted as hereinafter provided.").

## ORDER

For the reasons set forth above, plaintiff's renewed Motion for Reconsideration of the Court's December 18, 2020 Order denying his request for counsel is **DENIED**. The Clerk of the Court is respectfully requested to enclose a copy of the District's Local Rules, a copy of the undersigned's Chambers' Rules, and three pads of 8.5" x 11" paper when sending this Order to plaintiff.

**IT IS SO ORDERED.**

Dated:  February 8, 2021

Hon. Karen S. Crawford
United States Magistrate Judge