UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN SALMEN, CDCR #BK-5881,<br><br>  Plaintiff,<br><br>v.<br><br>CALIFORNIA DEP'T OF CORRECTIONS AND REHABILITATION; S. ROBERTS; M. GLYNN; J. HODGES; A. KENDALL; DR. CHAU; H. FRANKLIN; S. ANDERSON; A. SHITTU; S. GATES,<br><br>  Defendants. | Case No.: 3:20-cv-02088-GPC-KSC<br><br>**ORDER (1) DENYING MOTION TO APPOINT COUNSEL; (2) DENYING MOTION TO ALERT FBI; and (3) DENYING PLAINTIFF'S REQUESTS FOR ADMISSION DIRECTED TO DEFENDANT CHAU**<br><br>[Doc. Nos. 24, 25, 27] |

Plaintiff Justin Salmen ("plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. *See* Doc. No. 7. The Court recently accepted for filing plaintiff's omnibus document seeking (among other things) the appointment of counsel and requesting that the Court "alert the FBI of located evidence of corruption" at Richard J. Donovan correctional facility ("RJD").[1] *See* Mot. at 1, 5-6. Also

---

[1] To facilitate management of the Court's docket, an identical copy of plaintiff's filing was entered separately for each item of relief sought. *See* Doc. Nos. 24, 25, 26, 27 and 28. The Court will hereafter refer to plaintiff's filing as the "Motion" or "Mot."

1

included in plaintiffs' submission were four Requests for Admission directed to defendant Chau. *See id*. at 4. This Order addresses plaintiff's Motion for Appointment of Counsel [Doc. No. 24], Motion to Alert the F.B.I. [Doc. No. 25], and discovery requests [Doc. No. 27]. All other relief sought in the Motion remains pending before the Honorable Gonzalo P. Curiel.

## A. Background

On November 9, 2020, plaintiff filed his First Amended Complaint ("FAC"), alleging that defendants Hodges and Chau violated his rights under the First and Eighth Amendments. *See generally* Doc. No. 7. On November 23, 2020, the District Court dismissed all claims against Hodges and plaintiff's First Amendment claims against Chau. *See* Doc. No. 8 at 7. However, plaintiff's Eighth Amendment claims against Chau survived the District Court's initial screening. *See id.* at 4.

In his Motion, plaintiff reiterates his since-dismissed allegations that Hodges is "altering legal documents" and "obstructing" plaintiff's access to the grievance process. *Compare* Mot. at 2-3 *with* Doc. No. 7 at 3. Plaintiff requests that the Court appoint counsel to represent him because he is "unable to present his case" due to both Chau's negligence and Hodges' "intercepting [his] legal documents," and further requests that the Court "alert the FBI." Mot. at 5. Plaintiff also demands that defendant Chau admit the truth of these and other allegations. *Id.* at 4.

## B. Motion for Appointment of Counsel

Plaintiff's Motion for Appointment of Counsel, his fifth since filing suit in October 2020 (*see* Doc. Nos. 3, 11, 14 and 18), is **DENIED**. As the Court has explained, "there is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994). The Court may, in its discretion, appoint counsel to represent an indigent litigant upon a showing of "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "Exceptional circumstances" warranting the appointment of counsel exist only where a plaintiff demonstrates that he is likely to succeed

///

on the merits of his claims, *and* that he is unable to effectively articulate those claims. *Cano v. Taylor*, 739 F.3d 1214, 1219 (9th Cir. 2014).

"A plaintiff that provides no evidence of his likelihood for success at trial fails to satisfy the first factor of the [exceptional circumstances] test." *Torbert v. Gore*, No. 14cv2911-BEN-NLS, 2016 WL 1399230, at *1 (S.D. Cal. Apr. 8, 2016). Here, plaintiff merely reiterates the allegations in his FAC. Yet, the fact that some of these allegations survived initial screening "by no means demonstrates that [plaintiff] is likely to win." *Ortega v. CSP-SAC Prison Officials*, No. 2:08–00588 SOM, 2010 WL 2598228, at *1 (D. Haw. June 7, 2010). There is simply no basis in the record before the Court, at this early stage of the proceedings, upon which to predict plaintiff's success at trial. Thus, the Court reaffirms its determination that this factor weighs against appointing counsel to represent plaintiff at taxpayer expense. *See* Doc. No. 12 at 3; Doc. No. 15 at 4; Doc. No. 19 at 2.

The Court is also not persuaded that plaintiff lacks the ability to pursue his claims. Although he complains that Chau and Hodges, in concert with the Attorney General, are "intercepting" his documents and that he is "unable to present [his] case," *see* Mot. at 5, plaintiff's considerable activity on the docket shows otherwise. In the present action, plaintiff has filed two complaints, a motion for leave to proceed *in forma pauperis*, five motions for the appointment of counsel, an *ex parte* letter to the Court, and the instant Motion in which he seeks (in addition to the relief addressed in this Order) to strike defendant's Answer and for the District Court's reconsideration of its dismissal of Hodges. These filings demonstrate to the Court that plaintiff understands basic litigation procedure and can effectively articulate his claims, notwithstanding any alleged "conspir[acy]" to prevent him from doing so. *See* Mot. at 5.

Accordingly, plaintiff's fifth Motion for Appointment of Counsel is **DENIED**.

**C. Motion to Alert the F.B.I.**

Plaintiff also moves the Court to "alert the FBI of located evidence of corruption at RJD." Mot. at 1, 6. Plaintiff cites no authority for this unusual request. In any event, the

///

Court does not find that there is good cause to enlist the F.B.I. in investigating plaintiff's allegations of corruption in these proceedings.

Accordingly, plaintiff's Motion to Alert the F.B.I. is **DENIED**.

**D. Requests for Admission**

As noted, included in plaintiff's Motion are four Requests for Admission ("RFAs") directed to defendant Chau. Mot. at 4. There is no motion or other matter currently pending on the Court's docket to which these Requests for Admission pertain. Plaintiff is admonished that pursuant to Civil Local Rule 36.1.c., unless otherwise requested by the Court, discovery is not to be lodged or filed unless it pertains to a pending motion or other request for relief. CivLR 36.1.c.

Furthermore, to the extent plaintiff's inclusion of the RFAs in the Motion can be construed as a Motion to Compel defendants' responses thereto, such Motion to Compel is premature. It does not appear to the Court that these RFAs have been served on defendant Chau other than being included in the Motion; nor is there any indication that defendant has had the opportunity to object, respond, or meet and confer with plaintiff regarding these discovery requests. *See* Chambers' Rules and Pretrial Procedures for the Honorable Karen S. Crawford ("Chambers' Rules"), § V.III.A. (requiring parties to meet and confer before raising discovery disputes). Moreover, the Court has not yet convened the Early Neutral Evaluation and Case Management Conference ("ENE/CMC") in this matter, both of which are scheduled to take place on March 30, 2021. While the parties are free to exchange discovery by mutual agreement before that time, consistent with Federal Rule of Civil Procedure 16 and this District's Local Rules, the Court will not entertain any discovery motion before the ENE/CMC. *See* Fed. R. Civ. P. 16; CivLR 16.1.d.

For these reasons, and to the extent plaintiff seeks intervention or relief from the Court's action with respect to the RFAs, plaintiff's Motion is **DENIED WITHOUT PREJUDICE**. Going forward, should any discovery disputes arise which require the Court's involvement, the Court expects all parties to comply with the Federal Rules of Civil Procedure, the District's Local Rules, and this Court's Chambers' Rules.

# **ORDER**

For the reasons stated above, plaintiff's Motion to Appoint Counsel and Motion to Alert the F.B.I. [Doc. Nos. 24, 25] are **DENIED**. There is no pending motion to which the Request for Admission [Doc. No. 27] are relevant, and to the extent plaintiff seeks relief with respect to the Requests for Admission, such relief is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated: March 5, 2021

Hon. Karen S. Crawford
United States Magistrate Judge