UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN SALMEN,<br>CDCR #BK-5881,<br><br>                    Plaintiff,<br><br>v.<br><br>CALIFORNIA DEP'T OF CORRECTIONS AND REHABILITATION; S. ROBERTS; M. GLYNN; J. HODGES; A. KENDALL; CHAU; H. FRANKLIN; S. ANDERSON; A. SHITTU; S. GATES,<br><br>                    Defendants. | Case No.:  3:20-cv-2088-GPC-KSC<br><br>**ORDER**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT CHAU'S ANSWER**<br><br>**AND**<br><br>**(2) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

**I.    Procedural History**

On October 22, 2020, Plaintiff Justin Salmen, currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. Section 1983. (*See* Compl., ECF No. 1.)  In addition, Plaintiff filed a Motion to Proceed In Forma Pauperis ("IFP") (*See* ECF No. 2.)

1

On November 2, 2020, the Court GRANTED Plaintiff's Motion to Proceed IFP but DISMISSED his Complaint for failing to state a claim. (*See* Nov. 2, 2020 Order at 11-12.) Plaintiff was granted leave to file an amended complaint in order to correct the deficiencies of pleading identified in the Court's Order. (*See id.*) Plaintiff was cautioned that "Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived." (*Id.* citing S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be considered "waived if not repled").)

Plaintiff filed his First Amended Complaint ("FAC") on November 9, 2020. (*See* FAC, ECF No. 7.) Plaintiff did not re-allege claims against Defendants CDCR, Roberts, Glynn, Kendall, Franklin, Anderson, Shittu or Gates. (*Id.*) On November 23, 2020, this Court DISMISSED Plaintiff's FAC in part for failing to state a claim. (*See* Nov. 23, 2020 Order, ECF No. 8, at 2.) The Court dismissed all claims against Defendant Hodges because Plaintiff did not make any factual allegations against him the FAC to show how, or to what extent, Defendant Hodges was involved in any constitutional injury suffered by Plaintiff. (*Id.* at 6–7.) The Court also dismissed the First Amendment claims because Plaintiff failed to plead that he suffered an actual injury that can form a basis for his First Amendment claim. (*Id.* at 5–6.) However, the Court found that Plaintiff's Eighth Amendment allegations against Defendant Chau were sufficient to survive the "low threshold" set for sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and 1915(A)(b). (*Id.* at 4.)

On February 9, 2021, Defendant Chau filed his Answer to Plaintiff's FAC. (Answer, ECF No. 20.) On March 1, 2021, Magistrate Judge Crawford accepted a letter from Plaintiff including various motions and requests. (*See* March 1, 2021 Order, ECF No. 22; Plaintiff's Motion, ECF Nos. 23–27.) As the Magistrate Judge has issued an order on the remainder of Plaintiff's motions and requests, *see* March 5, 2021 Order, ECF No. 28, the

only requests for the Court to resolve here are what the Court has construed as (1) a motion to strike Defendant Chau's Answer and (2) a motion for reconsideration of the Court's November 23, 2020 Order dismissing Defendant Hodges.

## II.     Motion to Strike

A party may move to strike any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).  "The function of a motion to strike is to avoid the unnecessary expenditures that arise throughout litigation by dispensing of any spurious issues prior to trial." *Rosales v. FitFlop USA, LLC*, 882 F. Supp. 2d 1168, 1178 (S.D. Cal. 2012).  Motions to strike are not viewed favorably and "thus, "courts generally grant a motion to strike only where "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation."'" *Id.* at 1178–79 (quoting *Walters v. Fidelity Mortg. of Cal.*, 730 F.Supp.2d 1185, 1196 (E.D. Cal. 2010).  A matter may be redundant if it is repeated elsewhere in the pleading; it may be immaterial if it does not relate to the claim for relief or defenses being plead; or impertinent if it is not necessary to the issues in question. *Whittlestone*, 618 F.3d at 973 (citations omitted).

Plaintiff states that he objects "to any court hearing the attorney for the defendant's answer to [his] first amended complaint." (Plaintiff's Motion at 1.) However, Plaintiff does not argue that Defendant Chau's Answer contains an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  Plaintiff appears to disagree with Defendant Chau's failure to respond to allegations related to Hodges, who has been dismissed from the case. (Plaintiff's Motion at 2, 4.) In an answer, a defendant is required to "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(B).  Defendant Chau is therefore not required to admit or deny allegations asserted against other Defendants that have been dismissed from the action.  Plaintiff therefore has not stated a basis for striking Defendant Chau's Answer.

Accordingly, the Court DENIES Plaintiff's motion to strike Defendant's Answer.

### III. Motion for Reconsideration

Under Federal Rules of Civil Procedure 59 and 60, federal district courts may reconsider final orders to correct "manifest errors of law or fact upon which the judgment is based." *Turner v. Burlington N. Santa Fe R.R.*, 338 F.3d 1058, 1063 (9th Cir. 2003). Generally, parties must show either: (1) an intervening change in the law; (2) additional evidence that was not previously available; or (3) that the prior decision was based on clear error or would work manifest injustice. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009); *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989).

The November 23, 2020 Order of this Court dismissed all claims arising under the First Amendment and all claims against Hodges. (*See* Nov. 23, 2020 Order, ECF No. 8.) Plaintiff had alleged that Hodges had intercepted his mail and prevented him from pursuing administrative remedies and obstructing his access to the Courts. (FAC at 3.) The Court found that Plaintiff had not alleged an "actual injury" sufficient to state a claim under the First Amendment, that is, "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis v. Casey*, 518 U.S. 343, 348 (1996). The Court found that Plaintiff also did not describe what claim he is prevented from or hindered in bringing, or what remedy is now unavailable to him, as a result of Hodges's actions.

Plaintiff has not provided a basis for reconsideration of its dismissal of Hodges from the FAC. The Court is limited to the facts alleged in the complaint in deciding whether to dismiss for failure to state a claim, *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994), and Plaintiff has not sought to file a further amended complaint. Rather, Plaintiff explains in further detail why he sought to include Hodges in the FAC and that Hodges is concealing evidence related to the present action. (Plaintiff's Motion at 2–3.) Even if the Court were to consider these additional allegations related to Hodges, Plaintiff

has not shown that dismissal of the First Amendment claim against Hodges was in error. To the extent Plaintiff argues that he is precluded from bringing his current Eighth Amendment claim against Defendant Chau as a result of Hodges's alleged concealment of grievances he previously filed, this claim would not be ripe for consideration at this stage because he is still pursuing his claim against Defendant Chau and thus has not been prevented from bringing the claim. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 625 (9th Cir. 1988) (noting that "if plaintiff were to succeed in this suit, then his [destruction of evidence] allegations would be mooted"). Plaintiff can request the documents he seeks through the discovery process. *See* Fed. R. Civ. P. 34. Should any discovery dispute arise after the Early Neutral Evaluation/Case Management Conference schedule to take place on March 30, 2021, the Parties can at that point bring the dispute before Magistrate Judge Crawford consistent with the requirements set out in her Chambers Rules.

Plaintiff therefore has not shown the Court erred in finding the FAC did not allege an "actual injury" sufficient to demonstrate a First Amendment violation by Hodges. The Court accordingly DENIES the motion for reconsideration.

### III.  Conclusion and Order

For the reasons discussed, the Court DENIES Plaintiff's motion to strike Defendant Chau's Answer and DENIES Plaintiff's motion for reconsideration.

**IT IS SO ORDERED.**

Dated:  March 15, 2021

Hon. Gonzalo P. Curiel
United States District Judge