UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN SALMEN, CDCR #BK-5881,<br><br>                    Plaintiff,<br><br>v.<br><br>CALIFORNIA DEP'T OF CORRECTIONS AND REHABILITATION; S. ROBERTS; M. GLYNN; J. HODGES; A. KENDALL; DR. CHAU; H. FRANKLIN; S. ANDERSON; A. SHITTU; S. GATES,<br><br>                    Defendants. | Case No.: 3:20-cv-02088-GPC-KSC<br><br>**ORDER (1) DENYING MOTION FOR SERVICE OF DISCOVERY AND (2) DENYING MOTION TO SEAL**<br><br>**[Doc. No. 38]** |

Plaintiff Justin Salmen ("plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. *See* Doc. No. 7. Before the Court is plaintiff's "Notice of Need for Documents to be Forwarded to Party with Files," which the Court will construe as a Motion to have the Court serve plaintiff's previously-filed discovery requests upon defendant (the "Motion" or "Mot.") Doc. No. 38. Plaintiff also requests that his Motion be "ke[pt] confidential," which the Court will construe as a Motion to Seal. *See id.* at 2. For the reasons stated below, both Motions are **DENIED**.

On March 9, 2021, plaintiff filed a document titled "Request for Discovery" which set forth 13 requests for the production of documents, as well as requests for statements

1

from certain percipient and expert witnesses. Doc. No. 30 at 1-3. The Court construed plaintiff's filing as a Motion to Compel (the "Discovery Motion"), which it denied by Order dated March 15, 2021. Doc. No. 32. The Court explained to plaintiff that to obtain discovery, he "must serve these requests on defendants and other nonparties according to the Federal Rules of Civil Procedure, and must provide those persons with the opportunity to object and/or respond to his requests within the time frames set forth in these Rules." *Id.* at 2.

In the current Motion, plaintiff states that he did not make a copy of his Discovery Motion or the requests therein. Mot. at 1. He therefore asks that the Court send the document to defense counsel so that the parties may begin "fact find[ing]" and complete discovery by the deadlines recently set by the Court. *Id.* Plaintiff's request is **DENIED**. The Court reiterates that it will not act as plaintiff's proxy in obtaining discovery in this matter. *See* Doc. No. 32 at 2. To do so would undermine the Court's role as an "impartial decisionmaker[][.]" *See Pliler v. Ford*, 542 U.S. 225, 231 (2004) (further cautioning that the Court is not to function as a *pro se* party's "counsel or paralegal"). The Court understands that pandemic-related restrictions in place at plaintiff's correctional facility may have prevented him from photocopying his Discovery Motion before sending it to the Court for filing, and will provide plaintiff with a copy of his Discovery Motion. However, plaintiff is advised that going forward, the Court will not provide him with free copies of documents "without a specific showing of need." *See Davidson v. Sullivan*, No. 17cv0421 H (MDD), 2018 WL 2837472, at *42 (S.D. Cal. June 8, 2018) (denying motion for copies and further noting that neither the Constitution nor the *in forma pauperis* statute give a litigant "[the] right to have documents copied and returned to him at government expense") (collecting cases). As required by the Federal Rules of Civil Procedure, it is plaintiff's obligation to serve counsel for defendant with copies of his discovery requests.

As noted, plaintiff also requests that the Court seal his Motion. The public's right to "inspect and copy public records and documents, including judicial records and documents," is well established. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597

(1978).  Documents filed with the Court are presumed to be publicly accessible and will only be sealed upon a "particularized showing" of "good cause."  *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006).  Plaintiff, as the party requesting sealing, must show that "specific prejudice or harm" will result from the public availability of his Motion.  *Anderson v. Marsh*, 312 F.R.D. 584, 594 (E.D. Cal. 2015).

Plaintiff cites the potential for violence by "malicious employees stirring up this new 'Asian Hate' against Dr. Chau and [plaintiff]" as a basis to keep the Motion "confidential." Mot. at 2.  Plaintiff has not articulated a coherent reason why his request for discovery would incite any CDCR employee to violence.  The Court finds that plaintiff has not carried his burden to show that his Motion should be sealed.  *See Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD, 2018 WL 3456001, at *1 (S.D. Cal. Jul. 18, 2018) (good cause not established by "[b]road allegations of harm, unsubstantiated by … articulated reasoning") (citation omitted); *see also Kamakana*, 447 F.3d at 1179 (court may not seal documents on the basis of "hypothesis or conjecture").  Accordingly, plaintiff's Motion to Seal is **DENIED**.

## ORDER

For the reasons stated above, the Court hereby **ORDERS** as follows:

1. Plaintiff's Motion for Service of Discovery and Motion to Seal [Doc. No. 38] are **DENIED**; and
2. The Clerk of the Court is requested to enclose a copy of plaintiff's Discovery Motion [Doc. No. 30] when mailing this Order to plaintiff.

**IT IS SO ORDERED.**

Dated:  April 9, 2021

Hon. Karen S. Crawford
United States Magistrate Judge